IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUGUSTAR LIFE INSURANCE COMPANY, f/k/a The Ohio National Life Insurance Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PAUL MARINARO and JENNIFER CLAIRE RODE,<br><br>　　　　Defendants. | CASE NO. 1:24-cv-2364<br><br>Judge Elaine E. Bucklo |

**AUGUSTAR LIFE INSURANCE COMPANY'S**
**MOTION FOR FINAL JUDGMENT ORDER IN INTERPLEADER**

Plaintiff AuguStar Life Insurance Company ("AuguStar"), by its attorneys, Julie F. Wall and Craig M. Bargher of Chittenden, Murday & Novotny LLC, states as follows for its Motion for Final Judgment Order in Interpleader:

**I.　　INTRODUCTION**

In bringing this interpleader action and subsequently filing an Amended Complaint, AuguStar admitted that it owes a death benefit, plus applicable interest, of more than $169,000.00 (the "Death Benefit") related to the Single Premium Deferred Annuity Contract issued to D. Earle Cory as the Owner and Annuitant. After D. Earle Cory's death on May 29, 2017, Lois R. Cory, as the Beneficiary of the Annuity Contract, elected the Spousal Continuation Settlement Option, and elected to continue the existing annuity contract as the Owner. On or about August 15, 2017, Lois R. Cory named Jennifer Claire Rode as the Sole Primary Beneficiary of the Annuity Contract. On or about October 8, 2018, AuguStar received a Beneficiary Change Request changing the sole Primary Beneficiary to Paul Marinaro and naming Jennifer Claire Rode as the Contingent

Beneficiary. AuguStar confirmed that beneficiary change.

In addition, AuguStar explained in its Amended Complaint that there are conflicting claims by the Defendants to the death benefit. When AuguStar filed this action, Defendants Paul Marinaro ("Marinaro") and Jennifer Claire Rode ("Rode") were actual and potential adverse claimants to Death Benefit and had diverse citizenship from AuguStar and each other. Defendant Marinaro appeared and answered the Complaint, but not the Amended Complaint. Defendant Rode appeared and answered the Amended Complaint. This Court permitted AuguStar to deposit, and AuguStar deposited, its admitted liability in the Registry of this Court. AuguStar has done all that is required by law to perfect its interpleader action. Accordingly, this Court should enter judgment in AuguStar's favor with an express finding of finality under Fed. R. Civ. P. 54(b), grant AuguStar the requested relief against Defendants, and dismiss AuguStar from this suit with prejudice, leaving the adverse claimants to litigate their claims to the amount on deposit without further involving AuguStar.

## II. FACTUAL BACKGROUND

On March 22, 2024, AuguStar filed its Complaint for Interpleader under Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 to resolve competing claims to the proceeds of the Single Premium Deferred Annuity Contract, designated Contract No. XXXX8648[1] (the "Annuity Contract"), issued by AuguStar to D. Earle Cory, as Owner and Annuitant. (ECF Doc. No. 1). Both Defendants signed Waivers of Service of Summons, which AuguStar filed on April 10, 2024 and May 7, 2024 (ECF Doc. Nos. 11 and 13), and both Defendants appeared. On April 10, 2024, counsel for Defendant Rode, filed an appearance (ECF Doc. No. 10), and on May 28, 2024, Defendant Marinaro, who was granted leave to appear *pro hac vice* (ECF Doc. No. 19), filed his Answer to the Complaint.

---

[1] The Contract No. for the Annuity Contract has been redacted to address privacy concerns and in accordance with Fed. R. Civ. P. 5.2.

(ECF Doc. No. 17).

AuguStar filed its Amended Complaint for Interpleader ("Amended Complaint") under Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 on May 13, 2024. (ECF Doc. No. 15), the service of which the Defendants agreed to accept. Defendant Rode filed her Answer to the Amended Complaint on May 30, 2024. (ECF Doc. No. 20). Defendant Marinaro filed his Answer to the Amended Complaint on September 3, 2024. (ECF Doc. No. 30). Neither of the Defendants filed a counterclaim against AuguStar, and neither of the Defendants filed any cross-claims against each other.

On April 3, 2024, with leave of court (ECF Doc. No. 9), AuguStar deposited its admitted liability under the Annuity Contract, plus applicable claim settlement interest, in the amount of $169,697.54, with the Court, subject to this Court's further order as to whom among the Defendants is entitled to receive those proceeds. (Receipt No. 100004584). *See* Receipt No. 100004584, which is attached to the Amended Complaint as Exhibit F. (ECF Doc. No. 15, Ex. F thereto).

### III. ARGUMENTS & AUTHORITIES

**A. AuguStar appropriately brought this interpleader action.**

As a threshold matter, AuguStar alleged facts that meet the jurisdictional requirements under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1335: the amount in controversy exceeds $75,000 and the Plaintiff and Defendants are of diverse citizenship, and the amount in controversy exceeds $500, and the two Defendants are of diverse citizenship. (ECF Doc. No. 15, ¶¶4 through 7).

In an interpleader action, once the jurisdictional requirements are met, the stakeholder must allege it has a real and reasonable fear of multiple liability that is more than minimal. *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). "Interpleader is an equitable procedure used when the

3

stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron*, 550 F.3d at 663 (describing elements of an interpleader action under both Rule 22 and Section 1335) (citing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984)). "Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims." *Id.* The stakeholder is not required to show that the named claimants will prevail to meet the "real and reasonable fear" requirement. *Id.* The claims must merely meet the "'minimal threshold level of substantiality.'" *Id.* (quoting *Indianapolis Colts*, 741 F.2d at 958). In addition,

> the claims of some interpleaded parties will ultimately be determined to be without merit. That, however, is the very purpose of the proceeding and it would make little sense in terms either of protecting the stakeholder or of doing justice expeditiously to dismiss one possible claimant because another possible claimant asserts the claim of the first is without merit.

*Aaron*, 550 F.3d at 663 (quoting *Union Cent. Life Ins. Co. v. Hamilton Steel Prod., Inc.*, 448 F.2d 501, 503 (7th Cir. 1971)).

In its Amended Complaint, AuguStar alleged a real and reasonable fear of multiple liability that is more than minimally substantial. AuguStar alleged it issued an Annuity Contract to D. Earle Cory, as Owner and Annuitant, with a Single Payment of $105,545.28, and a Contract Date of April 1, 2008. (ECF Doc. No. 15, ¶8, Ex. A thereto). It also alleged Lois R. Cory became the Owner of the Annuity Contract after D. Earle Cory's death. (ECF Doc. No. 15, ¶11). When Lois R. Cory died on January 27, 2024, the Death Benefit under the Annuity Contract was more than $75,000 and the Defendants were actual or potential adverse claimants to the Death Benefit. (ECF Doc. No. 15, ¶¶13, 19). After Lois R. Cory's death, AuguStar received a claim from Defendant Rode, who asserted that Defendant Marinaro became a beneficiary of the Annuity Contract "through financial exploitation." (ECF Doc. No. 15, ¶14). The two Defendants have diverse

4

citizenship from AuguStar and from each other. (ECF Doc. No. 15, ¶¶1-7). AuguStar alleged the Defendants had actual and potential claims to the Annuity Contract's Death Benefit, which were adverse to and conflicted with each other, and accordingly AuguStar was unable to discharge its admitted liability under the Annuity Contract without exposing itself to multiple litigation, liability, or both. (ECF Doc. No. 15, ¶¶15-17). AuguStar further alleged it was indifferent as to which of the claimants is entitled to the Annuity Contract's Death Benefit and only interested in paying and discharging its admitted liability once. (ECF Doc. No. 15, ¶18).

AuguStar's interpleader action meets the requirements for a Rule 22 interpleader and an interpleader under 28 U.S.C. § 1335. There were two living adverse claimants to the Annuity Contract's Death Benefit when AuguStar initiated this action; AuguStar received a claim from one of those adverse claimants, who asserted that the other was not a proper beneficiary. It is reasonable for AuguStar to fear litigation if it decided who, between the two adverse claimants, should receive the death benefit. Additionally, this Court granted AuguStar leave to deposit its admitted liability of $169.697.54 with the Court, which it did. (ECF Doc. No. 15, ¶19, Ex. F thereto).

Because AuguStar's interpleader action is well-supported and appropriate, this Court should grant AuguStar's motion, dismiss AuguStar from this suit with prejudice, and order all the interpleader relief AuguStar requested in its Amended Complaint and Motion for Final Judgment Order in Interpleader.

**B.     There is no valid reason to keep AuguStar in this suit.**

"After a court has determined that interpleader is warranted, the *claimants* proceed to a second stage in which the merits of their claims are resolved." *Aaron*, 550 F.3d at 663 (emphasis added). Because AuguStar's interpleader is warranted, it should be dismissed from this action so the claimants to the Annuity Contract's Death Benefit can argue the merits of their claims.

5

AuguStar did not plead any interest in the stake in its Amended Complaint. To the contrary, it admitted it was liable to pay the full death benefit value of the Annuity Contract, requested the Court permit it to deposit that amount plus interest, and has since, in fact, deposited that amount plus interest with the Court. (ECF Doc. No. 15, Ex. F thereto). Accordingly, AuguStar is not a proper stage two party because it makes no claim to any part of the stake deposited with the Court. (ECF Doc. No. 15, 18, 19). *See, e.g., State Farm Life Ins. Co. v. Pavone*, No. 3:21-CV-50380, 2021 WL 5918881, at *1-2 (N.D. Ill. Dec. 15, 2021) (dismissing insurer from interpleader suit after it asserted it had "no independent interest in the funds," it deposited the funds with the court, and the interpleader defendants did not bring any counterclaims). This Court should grant this Motion and award AuguStar the judgment and relief it seeks.

  **C. AuguStar is entitled to injunctive relief against Defendants.**

AuguStar is further entitled to its requested injunctive relief in the instant Rule 22 and Section 1335 interpleader action. *See* 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court … shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment"); *see also Executive Risk Indem. Inc. v. Speltz & Weis, LLC*, No. 09 C 2750, 2009 WL 3380972, at *3 (N.D. Ill. Oct. 16, 2009) ("we find that the Interpleader Act entitles Executive Risk to interplead its policy limit and to obtain both "a discharge ... from further liability" with prejudice and a permanent injunction restraining claimants "from instituting or prosecuting any proceeding in any State or United States court affecting" the policy whose proceeds Executive Risk has deposited") (citing 28 U.S.C. § 2361); *Wells Fargo Bank, N.A. v. Kings Tec Support Inc.*, No. 23-CV-4551(KAM)(RML), 2023 WL 8189799, at *4 (E.D.N.Y. Nov. 27, 2023) ("'Section 2361 enables a party meeting the

requirements of Section 1335 to obtain a restraining order without following the procedures set forth in Rule 65, Fed. R. Civ. P., which normally governs the issuance of injunctive relief'") (quoting *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y. 1992)). The Seventh Circuit held it is "essential that the interpleader court enjoin the institution or prosecution of other suits on the same subject matter elsewhere" because otherwise the interpleader "will not be really effective." *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991) (noting that Anti-Injunction Act does not present barrier to court granting injunctive relief in Rule 22 interpleader actions when injunction is "'necessary in aid of its jurisdiction, or to protect or effectuate its judgments'") (quoting 28 U.S.C. § 2283).

AuguStar requests that this Court enjoin Defendants during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against it in any state or federal court or other forum arising out of or related to the Annuity Contract, and on account of the death of Lois R. Cory, the Owner, and that said injunction issue without bond or surety. Such relief is permitted and warranted under the circumstances. *See Construction Indus. Ret. Fund of Rockford v. Kasper Trucking, Inc.*, No. 87 C 20506, 1992 WL 321515, at *1, *3 (N.D. Ill. Oct. 23, 1992) (enjoining "any and all claimants from instituting any other actions affecting the funds" in Rule 22 interpleader action); *see also* 28 U.S.C. § 2361 (court "may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment"); *American Gen. Life Ins. Co. v. Estate of Pergolski*, No. 12-CV-324-WMC, 2012 WL 12995769, at *7 (W.D. Wis. Nov. 26, 2012) (granting plaintiff's request for injunction in Rule 22 interpleader action with following language: "upon deposit, Chase Boruch, Jamie Pergolski, both individually and in her position as administrator of the Estate, and the Estate of Sally Pergolski are all currently and perpetually restrained and enjoined from

instituting or prosecuting any proceedings against American General Life Insurance Company in any way relating to the policy in dispute or its proceeds"); *The Sportsman's Guide, Inc. v. Havana Nat. Bank*, No. 09-CV-1152, 2009 WL 4923092, at *3 (C.D. Ill. Dec. 7, 2009) (granting plaintiff's request for injunction in Rule 22 interpleader action). The interpleader relief AuguStar seeks will not be effective unless this Court enjoins Defendants from bringing other suits on the same subject matter elsewhere.

Accordingly, this Court should grant AuguStar's requested injunctive relief as stated in Paragraph A of its Motion for Final Judgment Order in Interpleader.

## IV. CONCLUSION

**WHEREFORE**, AuguStar Life Insurance Company respectfully requests that this Honorable Court enter an order or orders granting it the following relief:

A. Enjoining Paul Marinaro and Jennifer Claire Rode, and any of their heirs, successors, or representatives, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against AuguStar Life Insurance Company in any state or federal court or other forum with respect to Annuity Contract No. XXXX8648, the proceeds payable under the terms of Annuity Contract No. XXXX8648, or on account of the death of Lois R. Cory, the Owner, and that said injunction issue without bond or surety;

B. Granting judgment to AuguStar Life Insurance Company with the finding that it has no further liability to Paul Marinaro and Jennifer Claire Rode, or any of their heirs, successors, or representatives, or to any person or entity claiming through them, under Annuity Contract No. XXXX8648, for the proceeds payable under the terms of Annuity Contract No. XXXX8648, or on account of the death of Lois R. Cory;

C. Entering an Order finding that AuguStar Life Insurance Company has acted in good faith by interpleading the proceeds of Annuity Contract No. XXXX8648 and depositing its admitted liability with the Clerk of the Court;

D. Entering judgment in favor of AuguStar Life Insurance Company, and against Paul Marinaro and Jennifer Claire Rode, or any of their heirs, successors, or representatives, on its Amended Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

E. Excusing and dismissing AuguStar Life Insurance Company from further attendance on this cause with prejudice and allowing the adverse claimants, Paul Marinaro and Jennifer Claire Rode, to litigate their claims and contentions to Annuity Contract No. XXXX8648, and its proceeds, without further involving AuguStar Life Insurance Company;

F. Permitting AuguStar Life Insurance Company to include the complete financial account number for Annuity Contract No. XXXX8648 in its Final Judgment Order in Interpleader, as included in the proposed Final Judgment Order in Interpleader emailed to the Court, and as allowed under Fed. R. Civ. P. 5.2 upon court order; and

G. Granting AuguStar Life Insurance Company such further and other relief as this Court deems just and appropriate.

Dated: September 24, 2024

                                      Respectfully submitted,

                                      CHITTENDEN, MURDAY & NOVOTNY, LLC.

                                      By: /s/ Craig M. Bargher
                                            One of the Attorneys for Plaintiff
                                            AuguStar Life Insurance Company

Julie F. Wall (jwall@cmn-law.com)
Craig M. Bargher (cbargher@cmn-law.com)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)